# United States Tax Court

T.C. Memo. 2023-116

JOHN R. JOHNSON AND ESTATE OF JUDITH E. JOHNSON,
DECEASED, JOHN R. JOHNSON, PERSONAL REPRESENTATIVE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 12676-20.                    Filed September 13, 2023.

————————

*Luke R. Gordon* and *Martin J. Martelle*, for petitioners.

*Gregory M. Hahn*, *Logan M. Westerman*, and *Scott W. Forbord*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, *Judge*:  Respondent determined deficiencies in John R. and Judith E. Johnson's income tax and accuracy-related penalties for 2015, 2016, 2017, and 2018 as follows:

| Year | Deficiency | § 6662(a)[1] penalty |
|------|------------|------------------|
| 2015 | $658,034 | $131,606.80 |
| 2016 | 237,300 | 47,460.00 |
| 2017 | 36,949 | 7,389.80 |
| 2018 | 50,417 | 10,083.40 |

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] After concessions,[2] the only remaining issue for decision is the applicability of section 6662(a) accuracy-related penalties for underpayments due to negligence, disregard of rules or regulations, and/or substantial understatements of income tax. Petitioners argue that they qualify for the reasonable cause and good faith exception found in section 6664(c)(1).

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. When the Petition was timely filed, John R. and Judith E. Johnson resided in Alaska.

Petitioner John R. Johnson filed joint tax returns with his wife, Judith E. Johnson, for the years at issue. Since the time of filing the Petition, Judith E. Johnson has passed away. Mr. Johnson is authorized to represent the estate of Judith E. Johnson in this case.

Mr. Johnson has been engaged in the business of buying, selling, and leasing real estate for more than 50 years. In 2006 he purchased the Lawton Hotel property for $4,126,005. This purchase price was allocated to the Johnsons' cost bases as follows:

| | |
|---|---|
| Lawton Best Western (building) | $1,754,500 |
| Lawton Extended Stay (building) | 365,750 |
| Furniture and fixtures | 629,750 |
| Restaurant equipment | 400,000 |
| Office equipment | 180,000 |
| Roadside sign | 75,000 |
| Vehicles | 15,000 |
| Land | 650,000 |
| Franchise fee | 56,005 |

The Johnsons improperly claimed depreciation deductions from 2006 to 2013 amounting to 100% of the value of the commercial buildings (Lawton Best Western and Lawton Extended Stay) on the Lawton hotel property. They accomplished this by applying a

---

[2] Petitioners have conceded all issues related to the underlying deficiencies as set out in the notice of deficiency.

[*3] seven-year depreciation period to the commercial buildings, which should have been subject to a 39-year depreciation period. This amounted to a total depreciation deduction of $2,120,250 between 2006 and 2013, while the correct method would have yielded a total deduction over that period of only $595,811. The correct 39-year depreciation period would have produced a deduction of $54,364 for each full year. The method the Johnsons actually used produced a deduction of $519,249 for 2007 alone with deductions for other years varying between $94,563 and $370,832 according to the MACRS[3] seven-year method. They sold the Lawton Hotel property in 2016 for $5 million.

For 2015 the Johnsons properly claimed a home mortgage interest deduction of $44,806 on Schedule A, Itemized Deductions. They also claimed the same $44,806 on Schedule E, Supplemental Income and Loss, as mortgage interest related to a commercial property in Valdez, Alaska. Also in 2015 they misreported their Social Security income as $30,813 instead of $35,492 as shown on their SSA–1099, Social Security Benefit Statement.

Furthermore, for 2015 the Johnsons claimed a charitable contributions deduction of $152,500. They attached an incomplete Form 8283, Noncash Charitable Contributions, specifying that $2,500 of this deduction was attributable to a donation of fencing to Ka Hale Pomaikai, a rehabilitation center in Hawaii, and $150,000 to the donation of a building to the Elgin Opera House in Oregon. They did not obtain a qualified appraisal for the donation of the building. The recipient of the building did not sign the Form 8283. They did not submit a contemporaneous written acknowledgment or receipt from either recipient as part of the 2015 return or at trial. The portions of Form 8283 that call for the signature of an appraiser and the signature of a representative of the Elgin Opera House were left blank. The submitted form describes the donated property as "Building" without any further identifying information and describes the condition of the property as "Good used."

Because of the Johnsons' improper depreciation deductions claimed between 2006 and 2013, respondent made a section 481 method of accounting adjustment for 2015 of $1,969,976. Since the depreciation adjustment affected their basis in the Lawton Hotel property at the time of sale in 2016, respondent adjusted the amount of gain that they

---

[3] Modified Accelerated Cost Recovery System. *See* I.R.S. Pub. 946, How to Depreciate Property.

**[\*4]** realized on the 2016 disposition of the Lawton Hotel. Respondent also proposed a number of adjustments as appropriate for the other mistakes on their returns for tax years 2015–18. Petitioners concede the correctness of these adjustments other than the accuracy-related penalties. On October 29, 2020, the Johnsons timely filed a Petition with this Court disputing the notice of deficiency issued on July 27, 2020.[4]

## OPINION

I.   *Burden of Proof*

Respondent bears the burden of production with respect to petitioners' liability for section 6662 penalties and must produce sufficient evidence indicating that it is appropriate to impose them. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). If this initial burden is met, petitioners have the burden to show by a preponderance of the evidence that they meet the requirements of the reasonable cause and good faith exception to accuracy-related penalties. *Higbee*, 116 T.C. at 446.

II.   *Analysis*

Section 6662(a) imposes a 20% accuracy-related penalty on the portion of an underpayment of tax attributable to any of the reasons listed in section 6662(b), including negligence or disregard of rules or regulations or a substantial understatement of income tax. Negligence "includes any failure to make a reasonable attempt to comply with the provisions of this title." § 6662(c). Disregard includes careless, reckless, or intentional disregard. *Id.* If the taxpayer shows that there is reasonable cause for any portion of an underpayment, and the taxpayer acted in good faith with respect to that portion, no accuracy-related penalty may be imposed on that portion of the underpayment. § 6664(c)(1).

Section 6751(b)(1) requires that all penalties receive written supervisory approval. The parties have stipulated that the individual who made the penalty determination obtained supervisory approval. We accept the parties' stipulation and, on the record before us, conclude that the managerial approval satisfied section 6751(b)(1).

---

[4] The Petition was postmarked October 23, 2020. *See* § 7502.

**[\*5]**   With respect to the section 6662(a) penalties, respondent has met his initial burden of production.  Section 6662(a) and (b)(1) penalties are applicable to any portion of an underpayment for which the taxpayer is negligent or disregards rules and/or regulations.  These penalties also apply when taxpayers substantially understate their income tax— defined as understating the tax by more than 10% of the tax required to be shown on the return.   § 6662(b)(2), (d)(1)(A).   Respondent has established negligence and disregard of the rules and regulations with respect to the entire underpayment for each year at issue for reasons including, but not limited to, using an improper depreciation method, inaccurately reporting Social Security income, claiming duplicate mortgage interest deductions, and lacking proper substantiation and qualified appraisals for the charitable contributions.   In addition, assuming Rule 155 computations confirm substantial understatements of income tax for the years at issue, respondent has met his burden of producing evidence that the petitioners substantially understated their income tax within the meaning of section 6662(b)(2).  The amount of tax shown by the Johnsons for each year and the amount of tax required to be shown for each year as stated in the notice of deficiency are as follows:[5]

| Year | Tax Shown on Return | Tax Required to Be Shown on Return | Understatement Percentage[6] |
|---|---|---|---|
| 2015 | 0 | $658,034 | 100% |
| 2016 | $31,371 | 268,671 | 88.3% |
| 2017 | 228,760 | 265,709 | 13.9% |
| 2018 | 218,502 | 268,919 | 18.7% |

Since the understatement was more than 10% of the tax required to be shown for each year, respondent has met his burden of production for showing that the section 6662(a) accuracy-related penalties properly apply.  In the alternative respondent has met his burden of production by showing that the Johnsons were negligent and in disregard of rules and regulations, giving rise to the section 6662(a) accuracy-related penalties.

---

[5] These numbers are subject to change under Rule 155 computations.

[6] If this percentage exceeds 10%, the understatement is substantial.  *See* § 6662(d)(1)(A).

**[\*6]**  A.  *Threshold Availability of Reasonable Cause Defense for Charitable Contribution Deductions*

Respondent argues that under section 6664(c)(3), the reasonable cause and good faith defense is unavailable with respect to the disallowed charitable contribution deductions.  We disagree.  Section 6664(c)(3) disallows the reasonable cause defense for a charitable contribution deduction as long as the contributed property is substantially or grossly overvalued—defined as valuing the property in excess of 150% or 200% of its accurate value.  § 6662(e), (h).  Since no evidence has been introduced about the correct valuation of the contributed property, we are unable to conclude that the property was substantially or grossly overvalued.  Accordingly, section 6664(c)(3) does not apply, and the reasonable cause and good faith defense in section 6664(c)(1) is available to petitioners with respect to the penalties arising from the denied charitable contribution deductions for 2015.

B.  *Analysis of Reasonable Cause Defense*

Petitioners' sole argument against the application of section 6662(a) accuracy-related penalties is that petitioners relied on their certified public accountant (CPA) and should qualify for the reasonable cause and good faith exception laid out in section 6664(c)(1).  Reasonable cause requires that the taxpayer exercise ordinary business care and prudence as to the disputed item.  *See Neonatology Assocs., P.A. v. Commissioner*, 115 T.C. 43, 98 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002); *see also United States v. Boyle*, 469 U.S. 241, 251 (1985).  The determination of reasonable cause must be "made on a case-by-case basis, taking into account all pertinent facts and circumstances."  Treas. Reg. § 1.6664-4(b)(1).  The most important factor in this determination is the "extent of the taxpayer's effort to assess the taxpayer's proper tax liability."  *Id.*  Reasonable reliance on the advice of an independent, competent professional as to the tax treatment of an item may meet the requirement of ordinary business care and prudence.  *See id.* para. (c).  The taxpayer's education and business experience are relevant to the determination of whether the taxpayer's reliance on professional advice was reasonable and in good faith.  *Id.* subpara. (1).  In order for a taxpayer to reasonably rely on advice of a professional, the taxpayer must prove (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided all necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  *Neonatology Assocs., P.A.*, 115 T.C. at 99.

[*7]  Petitioners satisfy each of the first two prongs of the test laid out in *Neonatology*.  Their CPA was a competent professional and petitioners provided her with all necessary and accurate information.  Mr. Johnson testified about limited use of handwritten notes related to cash donations to charitable organizations but supplemented those notes with phone calls and appropriate documentation for all items other than the cash donations.  The third prong requires that the taxpayers reasonably relied in good faith on the advice of a tax professional.  In order for such reliance to exist, petitioners would first have to establish that their CPA communicated something constituting advice.  *See* Treas. Reg. § 1.6664-4(c)(2).

Petitioners presented no evidence that their CPA told them that the seven-year depreciation schedule was applicable to commercial buildings or that the mortgage interest deduction could be claimed twice.  Petitioners also failed to show that their CPA advised them that the county assessor's valuation would suffice instead of a qualified appraisal for the building donated to the Elgin Opera House.  When asked whether she advised Mr. Johnson that the charitable contribution deduction could be claimed using the county assessor's valuation instead of a qualified appraisal, petitioners' CPA testified that she "never had that discussion with [Mr. Johnson.]"  Petitioners cannot claim to have reasonably relied on advice which was never given.  In addition, Mr. Johnson was not credible when he definitively stated: "We thoroughly discussed the tests" related to the donation of the building to the Elgin Opera House.  This was decidedly in contrast with his immediately following statement that details about the donation were "[t]oo far to remember."  Petitioners have failed to meet their burden of establishing that they received any advice about the propriety of claiming a charitable contribution deduction over $5,000 without a qualified appraisal or any advice concerning the proper tax treatment of any of the understatements.  *See Woodsum v. Commissioner*, 136 T.C. 585, 593–94 (2011).

Failing to show that they received any advice about the correct tax treatment of any of the items noted in the deficiency, petitioners' last remaining contention is that they are entitled to the reasonable cause and good faith exception merely because their CPA prepared the returns.  "The mere fact that a certified public accountant has prepared a tax return does not mean that he or she has opined on any or all of the items reported therein."  *Neonatology Assocs., P.A.*, 115 T.C. at 100.  Taxpayers have a nondelegable duty to review the return for accuracy before filing.  *See Metra Chem Corp. v. Commissioner*, 88 T.C. 654, 662

[*8] (1987). We are unpersuaded that Mr. Johnson—a sophisticated participant in real estate transactions—would have missed the duplicate interest deductions, the grossly overstated depreciation, or the lack of a qualified appraisal if he had conducted even a cursory review of the returns.[7] *See, e.g., Schweizer v. Commissioner*, T.C. Memo. 2022-102, at *11 (finding defective Form 8283 lacking qualified appraisal); *Chiarelli v. Commissioner*, T.C. Memo. 2021-27, at *22 (finding sophisticated taxpayer unable to escape accuracy-related penalties by blaming CPA); *Langston v. Commissioner*, T.C. Memo. 2019-19, at *16–18, *aff'd*, 827 F. App'x 900 (10th Cir. 2020). Mr. Johnson later claimed that depreciation schedules are incomprehensible numbers of which he has no understanding. We find that Mr. Johnson's self-serving testimony as to this issue lacked credibility. Petitioners have failed to carry their burden of establishing reasonable cause.

Accordingly, we sustain respondent's determination that petitioners are liable for the section 6662(a) accuracy-related penalties for 2015, 2016, 2017, and 2018 as laid out in the notice of deficiency.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*

---

[7] For instance, at trial Mr. Johnson made repeated unprompted references to section 1031 and indicated his awareness of substantive tax provisions that bear upon real estate investing. He elected to conduct most of his transactions with minimal involvement of counsel—choosing instead to rely on his own expertise about the substance and tax implications of his transactions.